# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VICTOR BELTON,**

        Petitioner,

   -vs-

**Case No. 07-C-556**

**JEFFREY P. ENDICOTT,**

        Respondent.

# DECISION AND ORDER

Victor Belton ("Belton") was sentenced to a term of imprisonment by the Milwaukee County Circuit Court on June 26, 2007. Days before his sentencing, Belton filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, asking this Court to intervene and ultimately vacate his judgment of conviction.

A petition for a writ of habeas corpus under § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). However, before seeking relief in this Court, Belton must exhaust his remedies in state court. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its' prisoners federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Accordingly, Belton must raise his federal issue(s) at each and every level in the state court

system, including levels at which review is discretionary rather than mandatory. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

Belton clearly did not exhaust his state remedies. In fact, he filed it before his judgment of conviction was even entered by the circuit court. Therefore, Belton's petition must be dismissed for lack of jurisdiction.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Belton's motion for leave to proceed *in forma pauperis* ("IFP") is **GRANTED**; and

2. Belton's petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2007.

       **SO ORDERED,**

       s/ Rudolph T. Randa
       **HON. RUDOLPH T. RANDA**
       **Chief Judge**